**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SPARTON MANUFACTURING COMPANY, Respondent.**

**No. 15267.**

United States Court of Appeals Seventh Circuit.

Jan. 26, 1966.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul M. Thompson, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., Washington, D. C., for petitioner.

Joseph A. Yocum, Arthur R. Donovan, Harry P. Dees, Evansville, Ind., for respondent, Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.

Before DUFFY, SWYGERT and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

This case is here upon the Labor Board's petition for enforcement of an order issued against respondent on January 13, 1965. The Board's decision and order are reported at 150 N.L.R.B. No. 92. The Board found that respondent

had violated section 8(a) (1) of the National Labor Relations Act by threatening its employees with reprisals if they signed union cards.

Respondent's factory is located in Flora, Illinois. At the time in question, respondent employed approximately 160 employees, most of them women. A number of community leaders had been instrumental in the establishment of the factory in Flora in 1961.

On January 8, 1964, general manager Etherington spoke at a luncheon given for community leaders. He had only recently learned of union organizational activity at the plant.

At 4:30 p. m. on the afternoon of the luncheon, a meeting of employees was held in the plant cafeteria. Periodically in the past, such meetings had been regularly held and addressed by management officials.

General manager Etherington spoke to the employees. He referred to the fact that two professional union organizers had come to Flora representing the Teamsters Union. He stated that the organizers might ask an employee to sign a union card. He further stated that the Company had received reports that some employees had been harassed by the union to sign up, and he made a request that any such incident should be reported to two named supervisors or to himself.

The part of the speech which the Board relies on to show threats of reprisals was " * * * Be careful about what you sign—don't sign anything unless you know what you are signing and what it might mean to you, your family, or your fellow employees." The last sentence of Etherington's brief talk was "Remember you do not have to and should not sign a card under any circumstances, unless you want the union to be your agent."

Section 8(c) of the Act (29 U.S.C. § 158(c)) provides, in part: "The expressing of any views * * * shall not constitute or be evidence of an unfair labor practice * * * if such expression contains no threat of reprisal or force or promise of benefit." The legislative history shows that this section was passed because Congress believed the Board's decisions had shown an overly restrictive view towards the employer's right of free speech.

In this case, we have no history of antiunionism and no pattern of coercive conduct. The general manager's speech previously described, is the sole basis for the Board's order.

We think it was unreasonable for the Board to have inferred that the listener-employees construed the speech as a whole, or any part thereof, as threatening them with a loss of benefits or economic reprisals. We hold respondent did not violate Section 8(a) (1) of the Act.

The petition of the Labor Board for a decree enforcing the Board's order is denied.