## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FISHER CHEESE COMPANY, Respondent.

### No. 79–1018.

United States Court of Appeals, Sixth Circuit.

Dec. 29, 1980.

Elliott Moore, Deputy Associate Gen. Counsel, Howard Perlstein, Morton Namrow, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for petitioner.

Arthur R. Donovan, Kahn, Dees, Donovan & Kahn, Arthur D. Rutkowski, Stephen R. Appel, Evansville, Ind., for respondent.

Before KEITH, BROWN and JONES, Circuit Judges.

## ORDER

The NLRB filed a Complaint against Fisher Cheese Company alleging that the company had been engaged in unfair labor practices in violation of Section 8(a)(1) and 2(6) and (7) of the Act. The case was referred to the Board, which heard cross-motions for summary judgment and granted the General Counsel's motion. Summary judgment was entered against Fisher Cheese on September 28, 1978. The Board's decision and order is reported at 238 NLRB No. 91 (R.30–37).

The facts giving rise to this case are not in dispute. During the fall of 1977 the union engaged in an organizational campaign among Fisher Cheese's employees. As a part of the campaign, the union sent authorization cards to a number of employees. In a letter accompanying the cards the union stated: These cards will remain secret. Subsequently Fisher sent a letter to its employees urging them to vote against the union because the company, not the union, was responsible for all the benefits they now enjoyed. The letter concluded with the following statement:

"Don't be fooled into signing misleading union cards. *The Teamsters claim that these cards are secret. This is not the truth.* In many instances the signed card is disclosed to the company by the union, the NLRB, or both of them. Be careful about what you sign—don't sign ANYTHING unless you KNOW what you are signing and what it might mean to you, your family, or your fellow employees." [Emphasis in original.]

The Union filed an unfair labor charge with the NLRB, asserting that the above language was a veiled threat of economic retaliation and therefore coercive. The Board agreed. The Board seeks enforcement of its Order to Fisher Cheese to cease and desist from its unfair labor practices, and the company moves the court to dismiss the petition for enforcement on the grounds that this court's decision in *NLRB v. Hobart Brothers Company*, 372 F.2d 203 (6th Cir. 1967) is controlling in this action and mandates denial of enforcement of the Order. The NLRB contends that *NLRB v. Gissel Packing Company, Inc.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) is controlling in this action and mandates enforcement of the Order.

The Board's decision is contrary to this court's holding in the *Hobart* case. *Hobart* involved a fact situation almost identical to the one presented here. In that case the alleged coercive statement was:

"Don't be fooled into signing misleading cards that are mailed in secrecy. It is said that when you sign such a card, no one other than a union representative or a representative of the National Labor Relations Board will ever see this card. This is not the truth. In many instances the signed card is disclosed to the company by the union, the NLRB, or both of them. Be careful about what you sign— don't sign ANYTHING unless you KNOW what you are signing, and what it might mean to you, your family, or your fellow employees." *Id.* at 204.

This court, Weick, J., found that the *Hobart* statement was not coercive. The court denied enforcement of the Board's Order. The court reasoned that the statement could not be considered coercive unless there were instances of threats of reprisal separate from the statement.

In subsequent decisions, this court has emphasized its position that the exercise of free speech in union organizational campaigns should not be narrowly restricted. *Boaz Spinning Company v. NLRB*, 439 F.2d 876 (6th Cir. 1971); *Automation and Measurement Division, The Bendix Corp. v. NLRB*, 400 F.2d 141 (6th Cir. 1968). Following that position, this court has refused enforcement of Board orders in other cases involving allegedly coercive company statements during an organizational campaign. *See Robbins & Myers, Inc. v. NLRB*, 577 F.2d 382 (6th Cir. 1978); *Boaz Spinning Company v. NLRB, supra; Automation and Measurement Division, The Bendix Corp. v. NLRB, supra; NLRB v. Uniform Rental Services, Inc.*, 398 F.2d 812 (6th Cir. 1968).

The Board was well aware of the *Hobart* decision when it found Fisher Cheese in

violation of the NLRA. However, the Board chose not to follow that decision, preferring to follow its prior opinion in *Hobart* which had been overruled by the Sixth Circuit. The Board also relied on another decision of its in *Sparton Manufacturing Company*. That decision had been overruled by the Seventh Circuit. 150 NLRB 948 (1965), enforcement denied, 355 F.2d 523 (7th Cir. 1967).

We deny enforcement of the Board's Order, since the law in this circuit is clearly contrary to that relied upon by the Board as authority to issue the Order.